IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR 1 3 2013

CLERK, U.S. DISTRICT COURT
Alexandria, Virginia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:13cr74 |
| | ) | |
| KEITH HEDMAN, | ) | |
| Defendant. | ) | |

### Plea Agreement

Neil H. MacBride, United States Attorney for the Eastern District of Virginia; Jeffrey H. Knox, Chief, Fraud Section, Criminal Division, U.S. Department of Justice; Chad I. Golder, Assistant U.S. Attorney; Ryan S. Faulconer, Assistant U.S. Attorney; the defendant, Keith Hedman; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offenses and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a two-count criminal information charging the defendant with: (1) Major Fraud against the United States, in violation of Title 18, United States Code, Section 1031 (Count One); and (2) Conspiracy to Commit Bribery, in violation of Title 18, United States Code, Section 371 (Count Two). The maximum penalties for Count One are a maximum term of 10 years of imprisonment, a fine of the greater of $5,000,000 or twice the gross gain or loss, full restitution, a special assessment, and three years of supervised release. The maximum penalties for Count Two are a maximum term of 5 years of imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, full

1

restitution, a special assessment, and three years of supervised release. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

### 3.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**4.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maxima described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

**5.    Sentencing Guidelines Recommendations**

In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that:

a.    The defendant's offense level for Count One be determined using Section 2B1.1 of the Sentencing Guidelines and that the defendant's base offense level for Count One is 6;

b.    For purposes of the Guidelines, the greater of actual or intended loss as a result of Count One (including relevant conduct under Section 1B1.3) was more than $2.5 million and no greater than $20 million, thus resulting in at least an 18-level enhancement pursuant to 2B1.1(b)(1)(J) but no more than a 20-level enhancement pursuant to 2B1.1(b)(1)(K);

c.    The offense described in Count One (including relevant conduct under Section 1B1.3) involved sophisticated means, thus resulting in a 2-level enhancement pursuant to Section 2B1.1(b)(10)(C);

d.    The defendant reserves the right at sentencing to argue for a downward departure with respect to Count One under Section 2B1.1 App. Note 19(C). The United States reserves the right to argue at sentencing that a downward departure under Section 2B1.1 App. Note 19(C) does not apply;

e.    The defendant's offense level for Count Two be determined using Section 2C1.1 and that the defendant's base offense level for Count Two is 12;

f.    The parties do not agree whether Count Two involved more than one bribe as described in Section 2C1.1(b)(1), and the parties will thus argue the

applicability of Section 2C1.1(b)(1)'s corresponding 2-level enhancement at sentencing;

g.    The value of payments to be received by a public official as a result of the offense charged in Count Two was $50,000, thus resulting in a 6-level enhancement pursuant to 2C1.1(b)(2) and 2B1.1(b)(1)(D);

h.    The parties do not agree whether Count Two involved a public official in a high-level decision-making or sensitive position, and the parties will thus argue the applicability of Section 2C1.1(b)(3)'s corresponding 4-level enhancement at sentencing;

i.    With respect to both Counts One and Two (including relevant conduct under Section 1B1.3), the defendant was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive, thus resulting in a 4-level enhancement pursuant to Section 3B1.1(a);

j.    The parties do not agree whether the defendant abused a position of public or private trust in a manner that facilitated the commission and concealment of the offenses (including relevant conduct under Section 1B1.3), and the parties will thus argue the applicability of Section 3B1.3's corresponding 2-level enhancement at sentencing;

k.    Based on the information available to the United States at the time of this agreement, the United States agrees not to seek a 2-level enhancement in

offense level pursuant to Section 3C1.1 (Obstructing or Impeding the Administration of Justice);

l.      The United States and the defendant agree that the defendant has assisted the United States in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to Section 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the United States agrees to move prior to or at the time of sentencing for an additional one-level decrease in the defendant's offense level, pursuant to Section 3E1.1(b); and

m.      The parties agree that Counts One and Two should be grouped pursuant to Sections 3D1.2(d) and 3D1.3(b).

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or otherwise, other than those listed above or elsewhere in this plea agreement.

**6.      Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly

waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552; or the Privacy Act, Title 5, United States Code, Section 552a.

## 7.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

## 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the

schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.    **Restitution**

The defendant agrees that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to Section 3663A(c)(2), the defendant agrees that an offense listed in Section 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, the defendant agrees, pursuant to Title 18, United States Code, Section 3664(d)(5), that the Court may defer the imposition of restitution until after the sentencing; however, the defendant specifically waives the 90-day provision found at Section 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation. In addition, the United States agrees to recommend to the Asset Forfeiture & Money Laundering Section at the U.S. Department of Justice that any property forfeited pursuant to this plea agreement be transferred to the Clerk of Court in payment of any restitution ordered.

8

10. **Immunity from Further Prosecution in this District**

The Criminal Division of the U.S. Attorney's Office for the Eastern District of Virginia and the Fraud Section of the U.S. Department of Justice's Criminal Division will not further criminally prosecute the defendant for the specific conduct described in the Information and Statement of Facts or for conduct found to be relevant conduct under Section 1B1.3 of the Sentencing Guidelines for purposes of the defendant's sentencing on the Criminal Information. The defendant understands that this agreement is binding only upon the Criminal Division of the U.S. Attorney's Office for the Eastern District of Virginia and the Fraud Section of the U.S. Department of Justice's Criminal Division. This agreement does not bind the civil divisions of the U.S. Attorney's Office for the Eastern District of Virginia or the U.S. Department of Justice, nor does it bind any other U.S. Attorney's Office or any other section of the U.S. Department of Justice. Nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that might be made against the defendant.

11. **The Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States and to provide all information known to the defendant regarding any criminal activity as requested by the United States. In that regard:

> a.  The defendant agrees to testify truthfully and completely at any grand juries, trials, or other proceedings.

9

b.     The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c.     The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d.     The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

e.     The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the United States and that the United States will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

f.     Nothing in this agreement places any obligation on the United States to seek the defendant's cooperation or assistance.

**12.    Use of Information Provided by the Defendant under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, or elsewhere by the Fraud Section of the U.S. Department of Justice's Criminal Division, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a

crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**13.     Prosecution in Other Jurisdictions**

The U.S. Attorney's Office for the Eastern District of Virginia and the Fraud Section of the U.S. Department of Justice's Criminal Division will not contact any other state or federal prosecuting jurisdiction (including the U.S. Department of Justice's Tax Division) and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the U.S. Attorney's Office for the Eastern District of Virginia and the Fraud Section of the U.S. Department of Justice's Criminal Division agree, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement.

The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

### 14.    Defendant Must Provide Full, Complete, and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete, and truthful cooperation.

### 15.    Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable Sentencing Guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 16.    Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that

constitutes the proceeds of his offenses, including but not limited to a money judgment order. The parties agree that the value of the proceeds of the defendant's offenses is at least $6,311,203.78 but less than $6,702,537.26, which the parties agree represents a sum of money constituting or derived from proceeds the defendant obtained, directly or indirectly, as a result of the violation alleged in Counts One and Two of the criminal information. Upon receipt of a sum within that range, the forfeiture liability of the defendant pursuant to this plea agreement will be satisfied. The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

### 17.   Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by

the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

**18.    The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the United States, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past twelve years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**19.    Payment of Taxes and Filing of Tax Returns**

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest, and penalties, and to the civil and forfeiture sections of the U.S. Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file true and correct tax returns for the past ten years within sixty days and to pay all taxes, interest and penalties for the past ten years within a reasonable time in accordance with a plan to be devised by the Probation Office.

14

The defendant further agrees to make all books, records, and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest, and penalties for the past ten years.

**20.     Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including but not limited to perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

15

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 21.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

Jeffrey H. Knox
Chief, Fraud Section
Criminal Division, U.S. Department of Justice

By: _____

Chad I. Golder
Ryan S. Faulconer
Assistant U.S. Attorneys

17

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 3/4/13

Keith Hedman

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 3/4/13

Mark Srere, Esq.
Counsel for the Defendant

18