# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division



FILED
JUN 2 5 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

v.

KEITH HEDMAN,

Defendant.

Case Number: 1:13CR00074-001

USM Number: 81947-083

Defendant's Attorney: Mark A. Srere, Esquire
and Nicholas Sloey, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty as to Count 1 and Count 2 of the two-count criminal Information.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1031 | Major fraud against the United States | Felony | February 2012 | 1 |
| 18 U.S.C. 371 | Conspiracy to commit bribery | Felony | February 2012 | 2 |

As pronounced on June 21st, 2013, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to 18 U.S.C. 3553 and the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 25th day of June, 2013.

/s/
Gerald Bruce Lee
United States District Judge

**Defendant's Name:** HEDMAN, KEITH  
**Case Number:** 1:13CR00074-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of SEVENTY-TWO (72) MONTHS as to Count 1 and TWENTY-FOUR (24) MONTHS as to Count 2, these terms to run concurrently with one another for a total term of SEVENTY-TWO (72) MONTHS of imprisonment.

The Court makes the following recommendations to the Bureau of Prisons:
    That defendant be designated to serve his sentence at Fairton, New Jersey.

The defendant shall be permitted to surrender voluntarily directly to the institution to which he is designated, as directed by the Bureau of Prisons and/or the Probation Officer.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

---

Defendant's Name:     HEDMAN, KEITH
Case Number:         1:13CR00074-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS as to each of Count 1 and Count 2, these terms to run concurrently with one another for a total supervised release term of TWO (2) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant's Name: | HEDMAN, KEITH |
| Case Number: | 1:13CR00074-001 |

## SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. Defendant must provide the Probation Officer with all requested financial information and documents within TEN (10) DAYS of any request.

2. The defendant must apply any windfall sums, including but not limited to tax refunds and lottery winnings, toward his forfeiture obligation, as directed by the Probation Officer.

3. The condition of mandatory drug testing is hereby WAIVED.

Defendant's Name: **HEDMAN, KEITH**  
Case Number: **1:13CR00074-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | | $15,000.00 total for both counts, with interest waived | $0.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | $100.00 | | |
| | $200.00 | $15,000.00 total for both counts, with interest waived | $0.00 |

## FINES

The defendant shall pay a fine total of $15,000 as to Count 1 and Count 2, with interest WAIVED.

## RESTITUTION

Restitution has not been ordered in this case.

**Total Restitution** $0.00

**The Court does not impose any costs for prosecution, imprisonment, and supervised release.**

| | |
|---|---|
| Defendant's Name: | HEDMAN, KEITH |
| Case Number: | 1:13CR00074-001 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment and any restitution shall be due in full immediately.

The fine is due and payable immediately.

The Court WAIVES interest on the fine.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   A separate Consent Order of Forfeiture was signed by Judge Gerald Bruce Lee on June 20, 2013.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.